Case 1:21-mj-01380-BPG   Document 3   Filed 05/27/21   Page 1 of 8

✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

3:44 pm, May 27 2021
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT FOR DONTE BROWN FOR A DNA SAMPLE | Case No.  21-1380 BPG |

**AFFIDAVIT IN SUPPORT OF**
**APPLICATION FOR A SEARCH WARRANT**

I, Special Agent ("SA") Eugene Theisen with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), being duly sworn, depose and state:

**INTRODUCTION**

1. The ATF and Baltimore Police Department ("BPD") have been investigating DONTE BROWN for a violation of 18 U.S.C. § 922(g) (possession of a firearm by a prohibited person). This affidavit is being submitted in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41 to obtain samples of DNA for comparison purposes in the form saliva and blood from BROWN, a man born in 1982, assigned an FBI number ending in 2JB0, and as depicted in Attachment A. BROWN is believed to be in state pretrial custody at Baltimore Central Booking & Intake located at 300 E. Madison Street, Baltimore, Maryland 21202. The warrant would authorize members of the ATF or their authorized representatives to collect saliva samples from BROWN, or a medical professional acting on behalf of law enforcement to collect a blood sample from BROWN, as described in Attachment B, for purposes of DNA comparison.

2. I submit this affidavit for the limited purpose of securing the requested warrant. I have not included details of every aspect of this investigation to date. Rather, I have set forth only those facts that I believe are necessary to establish probable cause supporting the warrant. I have not, however, intentionally omitted information that would tend to defeat a determination of

1

probable cause. The information contained in this affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. All conversations and statements described in this affidavit are related in substance and in part unless otherwise indicated.

3. I believe that probable cause exists that BROWN possessed a firearm on January 4, 2020 in the District of Maryland in violation of 18 U.S.C. § 922(g). Therefore, I respectfully request that this Court find probable cause that evidence of the aforementioned criminal violation is contained in the form of DNA in saliva in the possession of BROWN.

## AFFIANT BACKGROUND

4. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18.

5. I have been an ATF SA since 2017. I am currently assigned to the ATF Baltimore Field Division, Baltimore VI Field Office. I have attended the United States Department of Homeland Security's Criminal Investigator Training Program and ATF's Special Agent Basic Training, both located in Glynco, Georgia, for a combined period of twenty-six weeks. I have received extensive training, both formal and on-the-job, in the provisions of the Federal Firearms Laws and Federal Narcotics Laws administered under Title 18, Title 21 and Title 26 of the United States Code. As an ATF agent, I have conducted and participated in investigations concerning violations of federal firearm laws, violations of federal controlled substance laws, and the commission of violent crimes. I have received specialized training regarding, and have personally participated in, various types of investigative activities, including, but not limited to, the

following: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants, and other individuals who have knowledge concerning violations of federal firearms and controlled substance laws; (c) the execution of search warrants; (d) the consensual monitoring and recording of conversations; (e) electronic surveillance through the use of pen registers; and (f) the handling, maintenance, and examination of evidence to include wireless telephones and computers.

6. Prior to my employment with ATF, I was a graduate of the Uniformed Police Training program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. I was a Federal Police Officer for the Supreme Court of the United States Police Department for seven and a half years. I was involved in federal arrests involving protests and other federal and local violations. I was also a member of Associate Justice Clarence Thomas' preferred dignitary protection team. I graduated from Frostburg State University with a bachelor's degree in Law and Society with a concentration in criminal justice.

7. Finally, based on my training and experience, I also generally know that Deoxyribonucleic Acid ("DNA") can be found on items such as clothing and firearms and can be compared to a sample of DNA from a known person. This comparison can help identify or eliminate suspects.

**PROBABLE CAUSE**

8. On January 4, 2020, Donte BROWN was arrested by the Baltimore City Police Department ("BPD") for the illegal possession of a firearm.

9. Specifically, on January 4, 2020, at approximately 1:43 a.m., A BPD officer observed 5-6 individuals in the 500 block of Sheridan Avenue in Baltimore, MD. One of these individuals, later identified as BROWN was seen clutching his right jacket pocket and walking at a fast pace and appeared to use nearby parked cars to conceal himself from the view of the officer.

Based on his training and experience, the officer characterized this behavior as characteristics of an armed person.

10.     As the BPD officer approached BROWN in front of 510 Sheridan Avenue, BROWN fled and jumped over the front porch railing onto 508 Sheridan Avenue and continued his flight by jumping onto a parked car, denting the vehicle, and continuing to run.  While pursuing BROWN, the BPD officer saw and heard BROWN discard a firearm.  Specifically, the officer heard the sound of metal hitting the pavement in a nearby alley.  The BPD officer recovered that discarded firearm and he and other officers were able to apprehend BROWN.

11.     The firearm was a Smith & Wesson, model SD40, .40 caliber, bearing serial number FBD3955. The pistol was loaded with eight (8) live rounds of ammunition.  BROWN was placed under arrest moments later.

12.     I conducted a query of BROWN's criminal history and know BROWN has been convicted of a crime punishable by more than one year in prison, which makes him prohibited from possessing firearms and/or ammunition including those that travel in interstate commerce. Specifically, in May of 2018, BROWN was convicted in Maryland State Court of Second Degree assault and the illegal possession of ammunition.  BROWN was sentenced to three (3) years' incarceration.

13.     Shortly after his arrest, BPD officers obtained a Maryland State Court search warrant for BROWN's DNA.  BPD Officers attempted to execute the state DNA warrant but were unable to do so because BROWN refused to provide his DNA.

14.     On January 6, 2020, I verified with an employee with BPD's DNA lab that the black and silver Smith & Wesson, model SD40, .40 caliber, bearing serial number FBD3955 was swabbed prior to being test fired. The BPD lab would be able to compare DNA samples from

BROWN to DNA samples from the swabbed handgun.

15.     On June 16, 2020, U.S. Magistrate Judge Thomas M. DiGirolamo authorized a federal search warrant for BROWN's DNA through saliva samples.  ATF investigators attempted to execute the warrant on June 23, 2020 but BROWN again refused to provide his DNA. Specifically, on June 23, 2020, I went to the Central Booking Facility in Baltimore, Maryland where BROWN was detained.  I advised BROWN that I had a Federal Search Warrant to obtain his DNA. BROWN told investigators that he would not willingly give his DNA to investigators. BROWN told investigators that he would not provide DNA without his lawyer and, in substance that investigators were "the other side" and that he would not make it easy for investigators to take his DNA. BROWN also told investigators that he would have to be taken out of the jail facility to have his DNA recovered.

16.     After being placed on pretrial release for the state firearm charge, Donte Brown failed to report and was only recently apprehended.

## DNA AUTHORIZATION REQUEST

17.     Based on my training and experience, I believe that BROWN's DNA may be on the firearm recovered during his arrest.  A known sample of his DNA is required in order to compare any and all DNA recovered. Accordingly, I am requesting authorization for a warrant to obtain samples of DNA for comparison purposes and authorization to use all reasonable and necessary force in order to obtain the samples.  The samples will be used to compare BROWN's to the swabs taken from the firearm and magazine that I believe was possessed by BROWN in violation of 18 U.S.C. § 922(g), prohibited person in possession of a firearm.

18.     Although oral swab samples are the least intrusive and least painful way to obtain DNA from a cooperative individual, based on BROWN's prior refusals to provide his DNA

5

21-1380 BPG

through a saliva ample on two occasions, I respectively request that this Court authorize members of the ATF or their authorized representatives to collect saliva samples from BROWN, or a medical professional acting on behalf of law enforcement to collect a blood sample from BROWN, as described in Attachment B, for purposes of DNA comparison, and further permitting the government to use all reasonable and necessary force in order to obtain the samples.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*Eugene Theisen*
Eugene S. Theisen
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this 5th day of May 2021.

*Beth P. Gesner*
The Honorable Beth P. Gesner
United States Magistrate Judge
District of Maryland

## ATTACHMENT A

**Photograph of Person to be Searched**

Donte Brown
Born in 1982
Currently residing at: Baltimore Central Booking & Intake
located at 300 E. Madison Street, Baltimore, Maryland 21202
Last four digits of FBI No.: 2JB0



21-1380 BPG

## ATTACHMENT B

### Description of Items to be Seized

1) Buccal (oral) swabs of the inside of BROWN's mouth limited to the extent where sufficient samples of DNA are obtained, which can be obtained by members of the ATF or their authorized representatives.

2) Blood samples from BROWN according to accepted scientific practices and limited to the extent where sufficient sample of DNA are obtained, which can be obtained by a medical professional acting on behalf of law enforcement.

The government may use all reasonable and necessary force in order to obtain the samples.